### JOHN HANCOCK MUTUAL LIFE INSURANCE CO v HATCHIE

Ohio Appeals, 1st Dist, Hamilton Co

Decided Feb 15, 1932

Mallon, Vordenberg & Marble, Cincinnati, for plaintiff in error.

Harry Shafer, Cincinnati, for defendant in error.

HAMILTON, J.

Several specifications of error are stressed:

(1) Error in the charge of the court.

(2) The verdict and judgment are against the weight of the evidence.

(3) Error of the Court of Common Pleas in affirming the judgment of the Municipal Court.

The complaint against the general charge of the court is that the court eliminated from the consideration of the jury the issue set up in the second defense, and limited the consideration of the jury to the issue made by the third defense of the answer.

In the general charge, the court stated to the jury:

"The defense set up the fact that they should not recover because there has been a violation of the representations of the deceased in his application of insurance. In other words, the issue for you to determine is, was James Long, Jr., in sound health at the time that the policy of insurance was issued to him by this insurance company? That is the issue on which you are to pass."

Again, at the close of the general charge, the court said to the jury:

"I think there is one matter that the court should say to the jury that may not have been brought out sufficiently, that the date which is important is the date of June 6th, 1928. If James Long, Jr., was not in sound health on that date, the plaintiff in this case could not recover. On the other hand, if James Long, Jr., was in sound health on June 6th, 1928, the beneficiary, the plaintiff in this case, would be entitled to recover. Are you both satisfied?"

"Mr. Marble: Yes, Your Honor, except that I want to make a general exception to the last statement in that it limits the consideration of the jury to but one issue in the case."

Thus the court limited the consideration of the jury to the one issue set up in the second defense, to-wit, the issue as to whether or not the insured was alive and in sound health at the date of the issuance and delivery of the policy, and took from the jury the issue made by the third defense in the answer, to-wit: "This policy shall be void if the insured has been * * * attended by any physician within two years before the date hereof for any serious disease, complaint, or operation."

The elimination of this issue was prejudicial error.

There is evidence in the record to the effect that the insured was attended by Dr. Lowrie, a physician and surgeon, on May 24, 1928. He testified that he saw the insured on an average of five days a week until the 16th day of July. The policy was issued and delivered on June 6, 1928. The doctor testified that he saw the insured the majority of times at his office, but that he thought he made two or three trips to his residence. While this evidence is not direct and specific as to a serious complaint, it is evidence from which the jury might have inferred that the frequent visits to the office and at his home indicated the insured was suffering from a serious complaint, constituting a scintilla which required a submission of this issue to the jury.

The law is: In submitting a case to the jury, it is the duty of the court to separate and definitely state to the jury the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require. **B. & O. Rd. Co. v Lockwood, 72 Oh St, 586, 74 NE, 1071.**

This the court did not do, and its failure

to do so was prejudicial error, requiring a reversal of the judgment.

We are also of opinion that the verdict and judgment were contrary to the weight of the evidence.

Finding, as we do, that the court erred in its charge to the jury, as hereinbefore pointed out, and that the verdict and judgment are against the weight of the evidence, the judgment of the Municipal Court of Cincinnati, and the judgment of the Court of Common Pleas affirming that judgment, are reversed, and the cause is remanded to the Municipal Court of Cincinnati for a new trial.

Judgment reversed and cause remanded.

ROSS, PJ, and CUSHING, J, concur.